[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de PLAINTIFF'S AMENDED MOTION FOR CONTEMPT (#202) AND DEFENDANT'S MOTION TO REOPEN JUDGMENT (#214)
The plaintiff seeks to enforce certain provisions of the parties' separation agreement that were approved and incorporated in the judgment of dissolution entered April 8, 1986.
I. PRIVATE SCHOOLING
Paragraph 3.1 provides for private schooling for the parties' minor son, Justin, born August 7, 1989, as follows:
 "3.1 The HUSBAND agrees to pay all expenses incurred for private schooling for the minor child as said expenses are incurred."
The parties' son, Justin (d.o.b. 7 August 1980) attended Cushing Academy for the 1996-1997 school year. There remains a bill balance due Cushing of $12,985.28 as evidenced by billing dated 4/30/97 (Plaintiff's Exhibit #1). The school's billing for the 1997-1998 school year totals $24,822. for a boarding student and other fees of $3,195. (Plaintiff's Exhibit #2).
The defendant admits he has not made these payments. His defense to the allegation of contempt is an inability to pay. The 1996 Form 1040 filed by the defendant listed total income of $8,783. His filing status is married filing separately, listing Malka R. as his spouse.
The defendant is an attorney practicing in New York City with practice primarily in bankruptcies. However, he was diagnosed having cancer, leading to a series of chemotherapy treatments, and an operation in May, 1997. His ability to practice was severely limited during his treatment.
The dissolution judgment was entered April 8, 1986 after an uncontested hearing. At that time the parties' written agreement CT Page 6517 was approved and incorporated by reference in the decree. Paragraph 4.8 provided:
 "The parties shall confer with each other on all important matters pertaining to the child's health, welfare, education and upbringing, with a view to arriving at a harmonious policy calculated to promote the best interests of the child."
The parties did confer without success.
The defendant's financial affidavit filed on April 8, 1986 listed $2,000 weekly net income. His current affidavit filed December 10, 1997 lists net income weekly of $50. and Social Security of $185. weekly.
The court concludes that the defendant has established a substantial change in his circumstances since the current orders were entered. He therefore is entitled to a review of the orders in light of the current circumstances.
The plaintiff asserts that the defendant's law office is being maintained and that this court should infer that the defendant has income. The court is being asked to find that the defendant has not only filed a false financial statement but that he has filed a false 1040 tax return for 1996 wherein he lists business income of $2,457 for the year, (Plaintiff's Exhibit #6) and for 1995 wherein he lists $6,312. business income (Plaintiff's Exhibit #7). Gross receipts are listed as $15,350 for 1996 and $14,900 for 1995. The defendant's current wife has lent defendant $10,000 to keep the defendant's law practice operating. He created a P.C. which is closed as insolvent.
The parties' child receives $234. monthly in addition to the defendant's monthly check.
The court concludes that the defendant does not have the financial ability to pay for private schooling and therefore cannot be held in contempt for failing to pay Cushing Academy.
 II. LIFE INSURANCE.
Paragraph 6.2 of the parties' separation agreement provides:
"Upon the signing of this Agreement, the HUSBAND shall obtain an additional life insurance policy in the face amount of $100,000.00 CT Page 6518 designating the parties' minor child as beneficiary of said policy."
The defendant obtained a life insurance policy as so provided. It contained a premium review at age 65. The defendant testified he failed to pay the increased premium, amount unknown, due to his reduced financial circumstances. He applied for other life policies but was turned down due to his health condition. Civil contempt is coercive and conditional. The court fails to see how it can coerce a person with a history of cancer, at age 68, to obtain life insurance. These circumstances make his failure a charge upon his estate as provided in Paragraph 6.5. No contempt is found since the defendant's impaired health makes it impossible for him to comply.
The plaintiff's attorney seeks counsel fees. The court denies the request.
The plaintiff's motion is denied.
 III. DEFENDANT'S MOTION
In light of the foregoing findings and rulings, the defendant's evidence supports his motion which is granted. Paragraphs 3.1 and 6.2 are deleted from the judgment.
HARRIGAN, J.